## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SAVIENT PHARMACEUTICALS, INC., | : | Case No. 13-12680 (MFW) |
| et al., | : | |
| | : | Jointly Administered |
| Debtors.[1] | : | |
| | : | **Hrg. Date: 3/17/2014 at 11:30 a.m. (Eastern)** |
| | : | **Obj. Deadline: 2/18/2014 at 4:00 p.m. (Eastern)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTION 1121(d) EXTENDING EXCLUSIVE PERIODS DURING WHICH DEBTORS MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

The debtors and debtors-in-possession in the above-captioned cases (the "Debtors") submit this motion (the "Motion") seeking entry of an order under section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") extending the exclusive periods during which the Debtors may file and solicit acceptances of a chapter 11 plan. In support of the Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief sought herein is section 1121(d) of the Bankruptcy Code.

---

[1]      The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Savient Pharmaceuticals, Inc. (3811); and Savient Pharma Holdings, Inc. (0701). The address of the Debtors' corporate headquarters is 400 Crossing Boulevard, 4th Floor, Bridgewater, New Jersey 08807.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to the Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

4.      On October 14, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (together, the "Chapter 11 Cases"). The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in the Declaration of John P. Hamill in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 4].

5.      The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On October 24, 2013, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors in the Chapter 11 Cases (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code [Docket No. 81].

7.      On December 13, 2013, the Court entered an order [Docket No. 251] approving the sale of substantially all of the Debtors' assets (the "Sale") to Crealta Pharmaceuticals LLC (the "Purchaser"). The Sale was consummated on January 9, 2014.

51790/0001-10254273v2

## RELIEF REQUESTED

8.     Section 1121(b) of the Bankruptcy Code provides for an initial 120-day period after the Petition Date within which a debtor has the exclusive right to file a chapter 11 plan (the "Plan Period").  Section 1121(c) of the Bankruptcy Code further provides for an initial 180-day period after the Petition Date within which a debtor has the exclusive right to solicit and obtain acceptances of a plan filed by the debtor during the Plan Period (the "Solicitation Period" and, together with the Plan Period, the "Exclusive Periods").  In these Chapter 11 Cases, the Plan Period is set to expire on February 11, 2014,[2] and the Solicitation Period is set to expire on April 12, 2014.

9.     By this Motion, the Debtors request entry of an order (i) extending the Plan Period until May 12, 2014, and the Solicitation Period until July 11, 2014, and (ii) prohibiting any party, other than the Debtors, from filing a competing plan and/or soliciting acceptances of any such competing plan during the extended Exclusive Periods.  If granted, the approximately 90-day extensions of the Exclusive Periods will be without prejudice to (i) the right of the Debtors to seek further extensions of the Exclusive Periods or (ii) the right of any party in interest to seek to reduce the Exclusive Periods for cause.

## BASIS FOR RELIEF

10.     Under section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause.  Specifically, section 1121(d)(1) provides: "[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section."  Although the Bankruptcy Code does not define

---

[2]     Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods will automatically extend the Exclusive Periods until the Court acts on the Motion, without the necessity for entry of a bridge order.

51790/0001-10254273v2

"cause" for purposes of an extension under section 1121(d), courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including the following:  (a) the size and complexity of the case; (b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists. See In re Dow Corning Corp., 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); see also In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409 (E.D.N.Y. 1989); In re Adelphia Comm. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006).

11.     Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend the exclusivity periods by as much as eighteen months (to file a plan) and twenty months (to solicit votes) for cause, based upon the relevant facts and circumstances.  Debtors are frequently granted such extensions in light of the particular circumstances of a case, in order to provide adequate opportunity to develop a plan of reorganization. See, e.g., In re NE OPCO, Inc. et al., Case No. 13-11483 (CSS) (Bankr. D. Del. Oct. 30, 2013) (granting an initial 90-day extension of the exclusive periods); In re: Exide Technologies, Case No. 13-11482 (KJC) (Bankr. D. Del. Oct. 15, 2013) (granting an initial 236-day extension of the exclusive filing period and a 230-day extension of the exclusive solicitation period); In re Yarway Corporation,

Case No. 13-11025 (BLS) (Bankr. D. Del. Aug. 16, 2013) (granting an initial 120-day extension of the exclusive filing period and a 121-day extension of the exclusive solicitation period).

12.     In evaluating whether an extension under section 1121(d) of the Bankruptcy Code is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case.  See In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . , we hold that debtor has shown cause for the extension"); In re Borders Group, Inc., 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); In re Pub. Serv. Co., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent [is] to promote maximum flexibility"); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual cases that is unavailable today."), reprinted in 1978 U.S.C.C.A.N. 5963, 6191.

13.     The Debtors have been under the protection of chapter 11 for less than four months, and during this short period of time have made significant and material progress in administering these cases.  The extension requested in this Motion will provide the Debtors and their advisors the opportunity to fully negotiate, confirm and implement the terms of a chapter 11 liquidating plan for the distribution of assets to creditors.  Thus, as discussed in more detail below, the facts and circumstances of the Chapter 11 Cases warrant the requested extension of the Exclusive Periods.

## A.     The Debtors Have Made Substantial Progress in the Chapter 11 Cases

14.     First Day Motions and Related Relief.  The Debtors have made substantial progress in the early stages of the Chapter 11 Cases.  Initially, the Debtors' management focused

51790/0001-10254273v2

on stabilizing the Debtors' business and responding to the many time-consuming demands that inevitably accompany chapter 11 filings.  In addition to the day-to-day management of the Company, the Debtors' management, employees and advisors devoted substantial time and effort over the first three months of the cases to a number of tasks, including the filing of numerous "first day" and "second day" motions, all of which have been approved on a final basis and were necessary to facilitate a smooth transition into chapter 11, including authorization to (i) use cash collateral; (ii) continue use of existing cash management system and bank accounts; (iii) pay prepetition wages, commissions and employee benefits; (iv) honor certain prepetition obligations to customers; (v) maintain existing insurance policies; (vi) pay certain prepetition taxes and related obligations; and (vii) approve utility deposit and adequate protection procedures.  The Debtors have also obtained approval of orders facilitating the efficient administration of the Chapter 11 Cases, including orders (i) approving *de minimis* asset sale procedures, (ii) establishing bar dates for creditors to file certain claims, (iii) approving a global settlement agreement with the lessor of the Debtors' corporate headquarters, and (iv) approving expedited procedures for the rejection of executory contracts and unexpired leases.  In addition, the Debtors have implemented procedures to comply with the reporting and disclosure requirements generally imposed on debtors-in-possession; filed their schedules of assets and liabilities and statements of financial affairs; commenced reviewing hundreds of contracts; and obtained authority to retain personnel to assist with the wind down of the Debtors' businesses.

15.    The Sale.  In the first three months of the Chapter 11 Cases, the Debtors and their professionals also dedicated substantial time and effort seeking approval of and consummating the Sale in order to maximize the value of the estates for the benefit of all parties in interest.  Following Court approval of the Sale, which yielded gross proceeds of

approximately $120.4 million, the Debtors spent considerable time and resources assisting the Purchaser with the orderly transition of the business.

16.    The Committee Settlement.  Following vigorous negotiations, on January 15, 2014, the Debtors filed a motion seeking approval of a global settlement (the "Global Settlement") with the Committee and the Unofficial Committee of Senior Secured Noteholders, in which the parties to the Global Settlement agreed, among other things, to support the consummation of a chapter 11 liquidating plan that will provide for, in part, the distribution of certain assets to creditors holding allowed general unsecured claims against the Debtors.  The Global Settlement contemplates that the effective date of a liquidating plan will occur on or before June 30, 2014.  To this end, the Debtors and their advisors, in consultation with the other parties to the Global Settlement, have undertaken the development and preparation of a disclosure statement, liquidating plan and liquidating trust agreement.

17.    The Debtors submit that their demonstrated progress to date provides ample cause to extend the Exclusive Periods.

**B.    The Need for Sufficient Time to Negotiate and Prepare Adequate Information**

18.    As discussed above, the Debtors have established a path forward in the Chapter 11 Cases in part by maintaining the support of major parties in interest in the cases.  The Debtors and their professionals invested significant time and heavily negotiated the Global Settlement and believe that it is reasonable to request additional time to prepare, file and confirm a chapter 11 plan as contemplated by the Global Settlement.  Granting the requested extensions will facilitate the Debtors' efforts by providing the Debtors with a full and fair opportunity to propose and solicit a plan without the distraction of ill-formed competing plans.  See In re Energy Conversion Devices, Inc., 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting

11 U.S.C. § 1121, Congress intended to allow the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan. It was intended that at the outset of a Chapter 11 case a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests." (citations omitted)). Accordingly, the Debtors submit that this factor weighs in favor of the requested extension of the Exclusive Periods.

**C.     The Extension Sought Will Advance the Cases and Will Not Harm Any Party**

19.     This Motion is the Debtors' first request for an extension of the Exclusive Periods, and the request will not unfairly prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. Indeed, the requested extension is consistent with the Global Settlement which contemplates the formulation of a liquidating plan for the benefit of all creditor constituencies. Further, the extension requested herein is consistent with the purpose of chapter 11 and will not prejudice or pressure any party in interest. Accordingly, the Debtors believe that the requested extension is warranted and appropriate under the circumstances.

**D.     The Debtors Are Meeting Their Postpetition Obligations**

20.     Courts considering whether to extend a debtor's exclusive periods also may assess whether the debtor is paying its debts when they come due. See In re McLean Indus., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). Here, the Debtors are paying their undisputed postpetition obligations as they come due.

21.     In sum, the Debtors have made significant progress thus far in the Chapter 11 Cases and are taking steps to propose a viable chapter 11 plan, thus warranting the relief requested in the Motion.

8

## NOTICE

22.    Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) the indenture trustee under the 2019 Senior Secured Notes; (iii) the indenture trustee under the 2018 Convertible Notes; (iv) counsel to the Unofficial Committee of Senior Secured Noteholders; (v) counsel to the Committee; and (vi) all parties entitled to notice pursuant to Local Bankruptcy Rule 2002-1.  The Debtors submit that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

23.    No prior request for the relief sought in this Motion has been made to this or any other Court.

51790/0001-10254273v2

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
      February 4, 2014

                                  COLE, SCHOTZ, MEISEL, FORMAN
                                    &LEONARD, P.A.

                                  /s/ David R. Hurst
                                  David R. Hurst (I.D. No. 3743)
                                  J. Kate Stickles (I.D. No. 2917)
                                  500 Delaware Avenue, Suite 1410
                                  Wilmington, Delaware 19801
                                  Telephone: (302) 652-3131
                                  Facsimile: (302) 652-3117

                                  *Counsel for Debtors and Debtors-in-Possession*

10