## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re:

SAVIENT PHARMACEUTICALS, INC.,
et al.,

                Debtors.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Chapter 11

: Case No. 13-12680 (MFW)

: Jointly Administered

: **Related to Docket No. 490, 625, 640**

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTORS

Savient Pharmaceuticals, Inc. ("Savient") and Savient Pharma Holdings, Inc., the debtors and debtors-in-possession in the above-captioned cases (together, the "Debtors"), having filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") on October 14, 2013; and the Debtors having proposed the Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors [Docket No. 490] (as amended, supplemented or otherwise modified, the "Plan"); and the Debtors having filed the Plan Supplement to Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors [Docket No. 625] (the "Plan Supplement") and the Second Plan Supplement to Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors [Docket No. 640] (the "Second Plan Supplement" and, together with the Plan Supplement, the "Plan Supplements"); and the United States Bankruptcy Court for the District of Delaware (the "Court") having entered an order [Docket No. 495] (the "Solicitation Procedures Order") on March 18, 2014 approving the Disclosure Statement with

---

[1]    The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Savient Pharmaceuticals, Inc. (3811); and Savient Pharma Holdings, Inc. (0701). The address of the Debtors' corporate headquarters is 400 Crossing Boulevard, 4th Floor, Bridgewater, New Jersey 08807.

Respect to Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors (the "Disclosure Statement") as containing adequate information under section 1125(a) of the Bankruptcy Code; and the Debtors having filed the Declaration of Andrew L. Buck of GGC, Inc. Certifying the Methodology for the Tabulation of Votes on and Results of Voting with respect to the Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors [Docket No. 663] (the "Voting Certification") on May 12, 2014; and the Court having established, in the Solicitation Procedures Order, May 19, 2014 at 11:30 a.m. (Eastern) as the date and time of the hearing pursuant to section 1129 of the Bankruptcy Code to consider confirmation of the Plan (the "Confirmation Hearing"); and an Affidavit of Service having been executed by Andrew Buck, Assistant Director, GCG, Inc., and filed with the Court [Docket No. 537] (the "Affidavit of Service") with respect to the mailing of the notice of the Confirmation Hearing and the other solicitation materials in respect of the Plan in accordance with the Solicitation Procedures Order; and a certificate of publication having been filed with the Court [Docket No. 637] (the "Certificate of Publication") with respect to the publication of the notice of the Confirmation Hearing in accordance with the Solicitation Procedures Order; and objections to confirmation of the Plan having been filed or raised by Ken Griffin [Docket No. 222], Ron Reeves [Docket No. 458], Aslam Mohammad [Docket No. 468], Warren Deforge [Docket No. 498], the Internal Revenue Service [Docket No. 651] and the Secretary of Health and Human Services and the Centers for Medicare and Medicaid Services [Docket No. 652] (collectively, the "Objections"); and the Court having reviewed the Plan, the Disclosure Statement, the Solicitation Procedures Order, the Voting Certification, the Affidavit of Service, the Certificate of Publication, the Objections and all other papers before the Court in connection with the confirmation of the Plan; and the Court having heard the statements of counsel in

2

support of confirmation at the Confirmation Hearing, as reflected in the record at the

Confirmation Hearing; and the Court having considered all testimony presented and evidence

admitted at the Confirmation Hearing, including the Declaration of Mathew C. Bazley, Chief

Liquidation Officer, President and Secretary of the Debtors in Support of Confirmation of the

Plan (the "Bazley Declaration"); and the Court having taken judicial notice of the papers and

pleadings on file in the Chapter 11 Cases;[2] and the Court finding that (i) notice of the

Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of

the Plan were adequate and appropriate, in accordance with Rules 2002(b) and 3017(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1 of the Local

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") and the Solicitation Procedures Order, as to all parties

to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual

bases set forth at the Confirmation Hearing and as set forth in this Confirmation Order establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, the Court hereby makes the following Findings of Fact, Conclusions of Law and

Order:

### IT IS HEREBY FOUND AND DETERMINED THAT:

A.      Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and

1334(a)). The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157

and 1334. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L),

and the Court has jurisdiction to determine whether the Plan complies with the applicable

provisions of the Bankruptcy Code, and to determine whether the Plan should be confirmed and

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

a Final Order entered with respect thereto. Venue of the Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

       B.     <u>Burden of Proof</u>. The Debtors, as the proponents of the Plan, have the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence, and, as set forth below, the Debtors have met that burden.

       C.     <u>Judicial Notice</u>. The Court takes judicial notice of the docket in the Chapter 11 Cases maintained by the Clerk and/or its duly appointed agent, including without limitation, all pleadings, notices and other documents filed, all proceedings during the Chapter 11 Cases, and all orders entered during the pendency of the Chapter 11 Cases.

       D.     <u>Modification of the Plan</u>. The Debtors have made certain nonmaterial modifications to the Plan as set forth in the Notice of Filing of Non-Material Modifications to Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors [Docket No. 677] (the "<u>Modifications</u>"). Pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of the Modifications require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the holders of Claims in the voting Classes be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan as modified by the Modifications shall constitute the Plan submitted to the Court for confirmation.

       E.     <u>Objections to Confirmation</u>. As presented at the Confirmation Hearing, the consensual resolutions of certain Objections satisfy all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules, are in the best interests of the Debtors and their Estates and are supported by the record of the Confirmation Hearing, and therefore should be approved. All Objections that were not resolved by agreement on or prior to the Confirmation

4

Hearing are overruled, or are otherwise disposed of, as set forth herein and on the record of the Confirmation Hearing.

F.    <u>Compromise and Settlement In Connection with the Plan</u>. All of the settlements and compromises pursuant to and in connection with the Plan, including the Global Settlement, comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

G.    <u>Compliance with Bankruptcy Rule 3016</u>. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

H.    <u>Compliance with Bankruptcy Rule 3017</u>. The Debtors have given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d).

I.    <u>Transmittal and Mailing of Materials; Notices</u>. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all creditors entitled to vote on the Plan, and sufficient time was prescribed for such creditors to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

J.    <u>Receipt and Tabulation of Votes</u>. The procedures used by GCG, Inc. to receive and tabulate Ballots and Master Ballots from the holders of Claims in the voting Classes, as set forth in the Voting Certification, were proper and appropriate and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and all other applicable rules, laws and regulations. As described in the Voting Certification, which certified both the method and results of the voting, the Plan was accepted by all impaired Classes entitled to vote. The Debtors, therefore, obtained the requisite acceptance both in number and amount for confirmation of the Plan.

K.      Plan Compliance With 11 U.S.C. § 1129. As set forth below and as demonstrated by the record in these cases, the Debtors have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code.

L.      Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). As set forth and demonstrated below, the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

(i)      Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)). The Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code. The Plan's classifications conform to the requirements of the Bankruptcy Code and separately classify claims based on valid business and legal reasons. The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Interest in the Debtors' Estates and was not proposed to create a consenting impaired class and, thereby, manipulate class voting. Article II of the Plan designates the classification of Claims and Interests.

(ii)      Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code. Article III of the Plan specifies which classes of Claims and Interests are not impaired under the Plan.

(iii)      Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). The Plan complies fully with the requirements of section 1123(a)(3) of the Bankruptcy

6

Code. Article III of the Plan specifies the treatment of Classes and Interests under the Plan, including those which are impaired.

   (iv) <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan complies fully with the requirements of section 1123(a)(4) of the Bankruptcy Code. As reflected in the treatment set forth in Article III of the Plan, the treatment of each of the Claims and Interests in each particular class is the same as the treatment of each of the other Claims or Interests in such class; <u>provided, however</u>, that to the extent any claimant received any different treatment than that described by the Plan for its class on the basis of the standards for compromise and settlement, the Court hereby finds that such different treatment does not need to be made available to other members of the class.

   (v) <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan complies fully with the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan provides adequate means for implementation of the Plan through, among other things, the implementation of the Liquidating Trust and the transfer of certain of the Debtors' assets to the Liquidating Trust.

   (vi) <u>Voting Power of Equity Securities (11 U.S.C. § 1123(a)(6))</u>. Section 1123(a)(6) of the Bankruptcy Code requires that a plan provide for the inclusion in a corporate debtor's charter provisions prohibiting the issuance of nonvoting equity securities, and providing for an "appropriate distribution" of voting power among those securities possessing voting power. The Plan is a liquidating plan that provides, in Article V.B, for the dissolution of the Debtors as corporate entities. As such, the requirements of section 1123(a)(6) do not apply.

7

(vii)    Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)).

Article V.B.1 of the Plan provides that, on the Effective Date, the members of the

board of directors of the Debtors shall be deemed to have resigned.  The Plan's

provisions for the selection and appointment of the Liquidating Trustee are

consistent with the interests of creditors and equity security holders and with

public policy.  Section 1123(a)(7) of the Bankruptcy Code therefore is satisfied.

(viii)    Discretionary Contents of Plan (11 U.S.C. § 1123(b)).  The Plan's

provisions are appropriate and consistent with the provisions of the Bankruptcy

Code.

M.    Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

The Debtors have complied with the applicable provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the solicitation of

acceptances or rejections of the Plan, thus satisfying the requirements of section 1129(a)(2) of

the Bankruptcy Code.

N.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Debtors have

proposed the Plan, including all documents necessary to effectuate the Plan, including but not

limited to those contained in the Plan Supplements, in good faith and not by any means

forbidden by law, as evidenced by, among other things, the totality of the circumstances

surrounding the formulation of the Plan, the record of the Chapter 11 Cases and the recoveries of

holders of Claims and Interests thereunder, thus satisfying the requirements of section 1129(a)(3)

of the Bankruptcy Code.

O.    Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  All

payments that have been made or are to be made by the Debtors or Liquidating Trust under the

8

Plan or by any person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases including administrative expense claims under sections 503 and 507 of the Bankruptcy Code, have been approved by, or will be subject to the approval of, the Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

P.    Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)).  Article V.F.4 of the Plan provides that the Liquidating Trustee shall be deemed the Estates' representative in accordance with section 1123 of the Bankruptcy Code and shall have all the rights and powers set forth in the Plan and Liquidating Trust Agreement, including, without limitation, the powers of a trustee under sections 704 and 1106 of the Bankruptcy Code and Rule 2004 of the Bankruptcy Rules.  The identity of the Liquidating Trustee has been disclosed in the Liquidating Trust Agreement by and between Savient Pharmaceuticals, Inc. and Savient Pharma Holdings, Inc. and Robert Rosenberg LLC.

Q.    No Rate Changes (11 U.S.C. § 1129(a)(6)).  The Debtors' businesses do not involve the establishment of rates over which any regulatory commission will have jurisdiction after confirmation of the Plan.  Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

R.    Best Interest of Creditors Test (11 U.S.C. § 1129(a)(7)).  Section 1129(a)(7) of the Bankruptcy Code requires that each holder of a Claim or Interest in an impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive on account of such Claim or Interest if the Debtors were liquidated under chapter 7 of the Bankruptcy Code.  The Disclosure Statement and the other evidence proffered or adduced at the

9

Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any of the objections to confirmation of the Plan, and (iii) establish that each holder of an impaired Claim or Interest, as the case may be, in such impaired Classes has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

S.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).   Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not impaired under the Plan.  Unimpaired Classes 1 and 2 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code.  Impaired Classes 3 and 4 have voted to accept the Plan.  Because holders of Claims or Interests in impaired Classes 5, 6, 7 and 8 neither received nor retained any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code.  The Plan satisfies section 1129(b) of the Bankruptcy Code with respect to Classes 5, 6, 7 and 8.

T.    Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims, Priority Tax Claims, Miscellaneous Secured Claims and Priority Non-Tax Claims are set forth in sections III.A.1, III.A.2, III.B.1 and III.B.2 of the Plan, thus satisfying the requirements of section 1129(a)(9) of the Bankruptcy Code.

10

U.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)).  As set forth in the Voting Certification, the Plan has been accepted by impaired Classes 3 and 4, determined without inclusion of any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V.    Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan proposed by the Debtors provides for the consolidation of the Chapter 11 Estates, the merger and dissolution of the Debtors, and the transfer and assignment of the Liquidating Trust Claims, the Liquidating Trust Funding Amount, and the GUC Cash to the Liquidating Trust for distribution to unsecured creditors in accordance with the Liquidating Trust Agreement and the terms of the Plan.  The Disclosure Statement, the Bazley Declaration and the evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any of the objections to confirmation of the Plan and (iii) establish that the Plan is feasible, thus satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

W.    Payment of Fees (11 U.S.C. § 1129(a)(12)).  The Debtors have paid, or will pay, prior to the Effective Date, all amounts due under 28 U.S.C. § 1930, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.  The Liquidating Trustee shall pay, from and after the Effective Date, statutory fees due to the U.S. Trustee in accordance with 28 U.S.C. § 1930 until the Chapter 11 Cases are closed or converted.  In addition, the Liquidating Trust shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Effective Date in conformance with the U.S. Trustee Guidelines.

51790/0001-10570163v6

X.    Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)). Sections
1129(a)(13)-(16) are inapplicable as the Debtors (i) do not provide retiree benefits[3]
(1129(a)(13)), (ii) have no domestic support obligations (1129(a)(14)), (iii) are not individuals
(1129(a)(15)), and (iv) are a for-profit business (1129(a)(16)).

Y.    No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).
Holders of Claims and Interests in Classes 5, 6, 7 and 8 will receive no distributions under the
Plan and, accordingly, are deemed to have rejected the Plan pursuant to section 1126(g) of the
Bankruptcy Code. The Debtors presented uncontroverted evidence at the Confirmation Hearing
that the Plan does not discriminate unfairly and is fair and equitable with respect to the treatment
of Claims and Interests in Classes 5, 6, 7 and 8 because, as required by section 1129(b)(2)(C) of
the Bankruptcy Code, there are no holders of interests junior to the holders of Claims and
Interests in Classes 5, 6, 7 and 8 that will receive or retain under the Plan any property on
account of such junior interests. Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code
and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8) of the Bankruptcy
Code. The Plan shall be binding upon the members of Classes 5, 6, 7 and 8 upon confirmation
and the occurrence of the Effective Date.

Z.    Confirmation of Only One Plan (11 U.S.C. § 1129(c)). The Plan is the
only plan that has been filed in the Chapter 11 Cases which has been found to satisfy the
requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly,
the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

---

[3]    As defined in section 1114 of the Bankruptcy Code, "retiree benefits" means payments to any entity or
person for the purpose of providing or reimbursing payments for retired employees and their spouses and
dependants, for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident,
disability or death under any plan, fund or program (through the purchase of insurance or otherwise)
maintained or established in whole or in part by the debtor prior to filing a petition commencing a case
under the Bankruptcy Code.

AA.    <u>Principal Purpose of the Plan (11 U.S.C. 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, and no governmental unit has requested that the Court deny confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

BB.    <u>Satisfaction of Confirmation Requirements</u>.  Based on the foregoing, the Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

CC.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Court in the Chapter 11 Cases, the Debtors, the Official Committee of Unsecured Creditors, the indenture trustee under the 2019 Senior Secured Notes, the indenture trustee under the 2018 Convertible Notes, and the Unofficial Committee of Senior Secured Noteholders, and each of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with all their respective activities relating to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125 of the Bankruptcy Code.

DD.    <u>Substantive Consolidation</u>.  The substantive consolidation contemplated by Article V of the Plan, which is unopposed, is consistent with, and permissible under, applicable law in the Third Circuit.  No party has objected to substantive consolidation, and the overwhelming majority of parties have voted in favor of the Plan which is predicated upon entry

13

of an order substantively consolidating the Debtors' Estates and Chapter 11 Cases for all

purposes, including voting, Distribution and Confirmation.

    EE. <u>Likelihood of Satisfaction of Conditions Precedent to Confirmation</u>.  All

conditions precedent to confirmation set forth in Article VIII of the Plan have been satisfied, will

be satisfied by entry of this Confirmation Order or have been duly waived.

    FF. <u>Retention of Jurisdiction</u>.  The Court finds that it may properly retain

jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the

Bankruptcy Code.

   **Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED THAT:**

**A. Confirmation of the Plan**

    1. <u>Approval of the Plan</u>.  The Plan, which consists of the Plan as filed on

March 17, 2014, as subsequently amended, supplemented or otherwise modified, including all

exhibits (including, but not limited to, those exhibits filed in the Plan Supplements), provisions,

terms and conditions thereto, is approved and confirmed as having satisfied all of the

requirements of chapter 11 of the Bankruptcy Code.  The terms of the Plan, as modified, are

incorporated herein by reference and are an integral part of this Confirmation Order.  A copy of

the Plan is attached hereto as <u>Exhibit A</u>.

    2. <u>Findings of Fact and Conclusions of Law</u>.  The findings of fact and

conclusions of law of the Court set forth herein and at the Confirmation Hearing shall constitute

findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable

herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the

Confirmation Hearing are incorporated herein by reference.  To the extent that any finding of

fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

14

3.    Objections. All Objections, to the extent not already withdrawn, waived, or settled, and all reservations of rights included therein, shall be, and hereby are overruled.

**B.    Plan Classification and Treatment**

4.    All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved.

5.    The classifications set forth in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes, (c) may not be relied upon by any creditor as representing the actual classification of such Claims under the Plan for distribution purposes, and (d) shall not bind the Debtors and the Liquidating Trustee.

6.    The treatment of Claims and Interests as provided in the Plan is approved.

**C.    Effects of Confirmation**

7.    Enforceability of Plan. Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan shall be, and hereby is, valid, binding and enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtors may modify, amend or enter into, as necessary, all documents arising in connection with the Plan, without further order of the Court, in accordance with the provisions of the Plan.

8.    Authorization to Implement the Plan. Upon the entry of this Confirmation Order, the Debtors, the Liquidating Trustee, the Liquidating Trust Committee, the Disbursing Agent and the Document Administrator, as applicable, and their respective professionals, are authorized to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into or otherwise make effective

15

all documents arising in connection therewith, prior to, on and after the Effective Date.  All such

actions taken or caused to be taken shall be, and hereby are, authorized and approved by the

Court such that no further approval, act or action need to be taken under any applicable law,

order, rule or regulation, including, without limitation, (a) the incurrence of all obligations

contemplated by the Plan and the making of Plan Distributions and (b) the implementation of all

settlements and compromises as set forth in or contemplated by the Plan.

        9.     The Debtors are authorized to make payments required to be made under

the Plan at any time after entry of this Confirmation Order, including (i) payments to creditors on

account of allowed administrative and priority claims, (ii) payments to the Senior Secured Notes

Trustee, for the benefit of itself and the Holders of Allowed Senior Secured Noteholder Claims,

(iii) payment of the Liquidating Trust Funding Amount and amounts necessary to fund the

Administrative Claims Reserve and the Professional Fee Reserve to the Liquidating Trust (or to a

segregated account held by Pachulski Stang Ziehl & Jones LLP to be held in trust for the benefit

of the Liquidating Trust, if the Liquidating Trust has not yet been formed at the time of the

transfer), and (iv) payment of amounts required to fund the Document Administrator as provided

under the Document Administrator Agreement; provided, however, that all such payments shall

be consistent with the Final Cash Collateral Budget or otherwise be consented to in writing by

counsel to the Unofficial Committee of Senior Secured Noteholders; provided further, however,

that in determining the amounts necessary to fund the Professional Fee Reserve, the Debtors

shall take into account any retainers held by the Debtors' Professionals and the amounts

otherwise permitted to be transferred to the Professional Fee Reserve pursuant to the Final Cash

Collateral Budget shall be reduced to the extent of any such retainers.

10.     The Liquidating Trustee or its designee is authorized to execute and file tax returns on behalf of the Debtors after the Effective Date; provided, however, that neither the Liquidating Trust nor the Liquidating Trustee shall have any authority or duty to pay taxes properly payable by the Debtors.

11.     <u>Non-Discharge of Claims</u>. Pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan will not discharge Claims against the Debtors; provided, however, that, other than as provided in the Final Cash Collateral Order, no Claim Holder or Interest Holder may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, any Debtor or its respective successors, assigns and/or property, except as expressly provided in the Plan.

12.     <u>Binding Effect</u>. Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtors, all present and former Holders of Claims and Interests, whether or not such Holders shall receive or retain any property or interest in property under the Plan, and their respective successors and assigns, including, but not limited to, the Liquidating Trust and all other parties in interest in the Chapter 11 Cases. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety.

13.     <u>Releases, Injunctions, Limitations of Liability and Exculpation</u>. All releases, injunctions, limitations of liability and exculpation provisions in the Plan, including, without limitation, those in sections X of the Plan, are fair and equitable and given for valuable consideration and are in the best interest of the Debtors and all parties in interest, and such provisions shall be effective and binding on all persons and entities, to the extent provided

17

therein, and are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

14.    Confirmation of the Plan shall have the effect of, among other things, permanently enjoining (a) all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estates with respect to any such Claim or Interest, and (b) respecting (vi)(A), (vi)(B), and (vi)(C) of this paragraph, the Estates and the Liquidating Trust, from and after the Effective Date, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estates or the Liquidating Trust or any of its or their property; (ii) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Estates or the Liquidating Trust or any of its or their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Estates or the Liquidating Trust or any of its or their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Estates or the Liquidating Trust or any of its or their property, except with respect to any right of setoff asserted prior to the entry of the Confirmation Order, whether asserted in a Proof of Claim or otherwise, or as otherwise contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) prosecuting or otherwise asserting (A) any Claim or Interest, including any right, claim or Cause of Action, released

18

pursuant to the Plan, (B) any form of objection to any Claim that is Allowed by the Plan, or

(C) Avoidance Actions against any Holder of a Claim that is Allowed by the Plan.

15. Confirmation of the Plan shall further have the effect of permanently

enjoining all Persons from obtaining (i) any documents or other materials from current counsel

for the Debtors and the Committee that are in the possession of such counsel as a result of or

arising in any way out of their representations of the Debtors and/or the Committee, or (ii) Books

and Records from the Document Administrator, except in accordance with Article V.D of the

Plan.

16. Settlements. The settlements contemplated under the Plan (the "Plan

Settlements"), including the Global Settlement, and the respective terms thereof as set forth in

the Plan, are hereby approved pursuant to Bankruptcy Rule 9019 as fair, prudent and reasonable

compromises of the controversies and Claims resolved by the Plan Settlements, are binding upon

all Persons affected thereby, and shall be effectuated in accordance with the terms thereof.

17. Cancellation of Interests. On the Effective Date, all Interests shall be

cancelled and each Holder thereof shall not be entitled to, and shall not receive or retain, any

property or interest in property under the Plan. The Holders of Interests shall not be entitled to

receive further notice in these Chapter 11 Cases after such Interests have been cancelled.

18. Cancellation of Existing Securities and Agreements. Except as otherwise

provided in the Plan and in any contract, instrument or other agreement or document created in

connection with the Plan, on the Effective Date and concurrently with the applicable

Distributions made pursuant to Article III of the Plan, any promissory notes, share certificates,

whether for preferred or common stock (including treasury stock), other instruments evidencing

any Claims or Interests, and all options, warrants, calls, rights, puts, awards, commitments or any

19

other agreements of any character to acquire such Interests shall be deemed canceled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order or rule, and the obligations of the Debtors under the notes, share certificates and other agreements and instruments governing such Claims and Interests shall be discharged; provided, however, that certain instruments, documents and credit agreements related to Claims shall continue in effect solely for the purposes of allowing the agents to make distributions to the beneficial holders and lenders under the Plan. Notwithstanding anything herein to the contrary, the Senior Secured Notes and the Senior Secured Notes Indenture (and the Collateral Documents as defined therein) shall remain in effect, except to the extent expressly modified by the Plan, as set forth in Article V.B.2 of the Plan.

19. <u>Executory Contracts and Unexpired Leases</u>. Except as otherwise provided in the Plan, the Sale Order, or in any contract, instrument, release or other agreement or document entered into in connection with the Plan, each of the Executory Contracts and Unexpired Leases to which any Debtor is a party shall be deemed automatically rejected by the applicable Debtor as of the Effective Date, unless such contract or lease (i) previously has been assumed or rejected by the Debtors, (ii) expired or terminated pursuant to its own terms, (iii) was the subject of a motion to assume or reject pending before the Court as of the Confirmation Date or (iv) is identified on Exhibit D to the Plan as a Contract to be assumed.

20. This Order shall constitute an order of the Court approving (i) the rejections described in Article VII.A of the Plan; and (ii) the assumptions of the contracts listed on Exhibit D to the Plan, in both cases pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

**20**

21.     If the rejection of an Executory Contract or Unexpired Lease pursuant to

Article VII.A of the Plan gives rise to a Claim by the non-Debtor party or parties to such contract

or lease, such Claim shall be forever barred and shall not be enforceable against the applicable

Debtor or its Estate, the Liquidating Trust or their respective successors or properties unless a

Proof of Claim is filed with the Court and served on counsel for the Liquidating Trust within

thirty (30) days after service of the Notice of Effective Date.

### D.     Implementation of the Plan

22.     Substantive Consolidation.  In light of the fact that substantive

consolidation will promote a more equitable distribution of the Debtors' assets, the substantive

consolidation of the Chapter 11 Cases and Estates that comprise the Debtors is in the best

interests of the Debtors' stakeholders and is appropriate under section 105(a) of the Bankruptcy

Code and is hereby approved.  After the Effective Date, claims asserted by a creditor against

multiple Debtors, whether on the basis of joint and several liability, guaranty or other similar

theory, shall be deemed asserted only once against Savient without the need for further Court

Order.

23.     Merger and Dissolution of the Debtors.  On the Effective Date, (a) the

officers and members of the boards of directors of the Debtors shall be deemed to have resigned;

(b) Savient Pharma Holdings, Inc. shall be deemed merged with and into Savient, without the

necessity of any other or further actions to be taken by or on behalf of the Debtors or payments

to be made in connection therewith; and (c) following such merger, Savient shall be deemed

dissolved for all purposes, without the necessity of any other or further actions to be taken by or

on behalf of the Debtors or payments to be made in connection therewith; provided, however,

that the Debtors or the Liquidating Trust and their respective professionals may execute and file

documents and take all other actions as they deem appropriate relating to the foregoing corporate

21

actions under the laws of the State of Delaware or other applicable law and, in such event, all

applicable regulatory or governmental agencies shall take all steps necessary to allow and effect

the prompt merger and dissolution of the Debtors as provided herein, without the payment of any

fee, tax or charge and without need for the filing of reports or certificates; provided further,

however, that any actions by the Debtors or the Liquidating Trust pursuant to the preceding

sentence shall not modify, alter or otherwise affect the merger and dissolution of the Debtors as

of the Effective Date pursuant to this paragraph.  The merger and dissolution of the Debtors as

provided herein shall not limit or affect any of the rights of (i) the Senior Secured Notes Trustee

against the Debtors under the Plan, including Article V.B.2 of the Plan, with respect to the Senior

Secured Notes and the Senior Secured Notes Indenture including, without limitation, the right of

the Senior Secured Notes Trustee to realize upon any Collateral preserved to the Senior Secured

Notes Trustee to the extent set forth in the Plan; or (ii) the Liquidating Trust or the Liquidating

Trustee to pursue the Liquidating Trust Claims after the Effective Date.

24.    Closure of the Chapter 11 Cases.  On the Effective Date, the Chapter 11

Case of Savient Pharma Holdings, Inc. (Case No. 13-12681 (MFW)) shall be closed upon

submission of an appropriate order to the Court under certification of counsel, following which

any and all proceedings that could have been brought or otherwise commenced in the Chapter 11

Case of Savient Pharma Holdings, Inc. shall be brought or otherwise commenced in Savient's

Chapter 11 Case, Case No. 13-12680 (MFW).

25.    Limited Release of Liens.  On the Effective Date, all mortgages, deeds of

trust, liens or other security interests against property of the Estates, except for those held by the

Senior Secured Notes Trustee, shall be released; provided, however, that on the Effective Date,

and to the extent not released prior to the Effective Date pursuant to Court order or otherwise and

22

except as otherwise provided for in the Plan, all mortgages, deeds of trust, liens or other security interests against the Liquidating Trust Assets shall be released. For the avoidance of doubt, the foregoing shall not effectuate a release of the liens or security interests of the Senior Secured Notes Trustee on the Cash held in the Professional Fee Reserve and Administrative Claims Reserve, which Cash shall remain subject to the first priority perfected security interests of the Senior Secured Notes Trustee.

26.    <u>United States Trustee Fees</u>.  All fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid by the Debtors on or before the Effective Date. After the Effective Date, the Liquidating Trust shall pay quarterly fees to the U.S. Trustee until the Chapter 11 Cases are closed or converted.  In addition, the Liquidating Trustee shall file post-confirmation quarterly reports in conformance with the U.S. Trustee Guidelines.

27.    <u>Section 1146(a) Waiver</u>.  Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment, and all state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation instruments or other documents without the payment of any such tax or governmental assessment.

28.    <u>Document Administrator</u>.  The form of the Document Administrator Agreement attached as Exhibit C to the Plan is hereby approved, and the Debtors are authorized to execute and to take any action necessary or appropriate to implement, effectuate or consummate the Document Administrator Agreement. The appointment of Drivetrain Advisors, Ltd. as Document Administrator is hereby approved.

51790/0001-10570163v6

29.     On or before the Effective Date, the Debtors shall transfer their Books and Records to the Document Administrator (other than those relating to (i) the Liquidating Trust Claims and (ii) Claims that have been asserted against or Scheduled by the Debtors for which the Liquidating Trust is responsible for reconciling) and, on the Effective Date, the Document Administrator shall succeed to the evidentiary privileges, including attorney-client privilege, formerly held by the Debtors, as such privileges relate to all claims and Causes of Action that are not Liquidating Trust Claims.

30.     <u>Liquidating Trust</u>. The form of the Liquidating Trust Agreement attached as Exhibit A to the Plan is hereby approved, and the Debtors are authorized to execute and to take any action necessary or appropriate to implement, effectuate or consummate the Liquidating Trust Agreement. The appointment of Robert Rosenberg LLC as Liquidating Trustee is hereby approved.

31.     <u>Liquidating Trust Committee</u>. The appointment of (a) Faith D. Ottery, M.D., PhD and (b) Riverside Contracting LLC to the Liquidating Trust Committee is hereby approved. Each of the members of the Liquidating Trust Committee shall have all rights, powers, duties and protections afforded the Liquidating Trust Committee and its members under the Plan and Liquidating Trust Agreement.

32.     <u>Collateral Assignment Agreement</u>. The form of Collateral Assignment Agreement attached as Exhibit E to the Plan is hereby approved, and the Debtors are authorized to execute and to take any action necessary or appropriate to implement, effectuate or consummate the Collateral Assignment Agreement.

33.     <u>Remnant Assert Purchase Agreement</u>. The form of Remnant Asset Purchase Agreement attached as Exhibit F to the Plan is hereby approved, and the Debtors are

24

authorized to execute and to take any action necessary or appropriate to implement, effectuate or consummate the Remnant Asset Purchase Agreement.

34.    Dissolution of Creditors' Committee.  On the Effective Date, the Committee shall be dissolved and its members shall be deemed released of all their duties, responsibilities and obligations in connection with the Chapter 11 Cases or the Plan and its implementation, and the retention or employment of the Committee's attorneys, financial advisors and other agents shall terminate, except with respect to (i) all Professional Fee Claims and (ii) any appeals of the Confirmation Order.

35.    Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.  After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002.  After the Effective Date, the Liquidating Trustee is authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the Office of the United States Trustee, the Unofficial Committee of Senior Secured Noteholders, the Senior Secured Notes Trustee and those creditors who have filed such renewed requests (the "Post-Confirmation Master Service List"); provided, however, that the Liquidating Trustee also shall serve those parties directly affected by, or having a direct interest in, the particular filing in accordance with Local Rule 2002-1(b).  Notice given in accordance with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

36.    Closure of Utility Deposit and Segregated Accounts Receivable Accounts.  The Debtors are authorized to close the utility deposit account that was authorized and

25

established pursuant to the Final Order Pursuant to 11 U.S.C. §§ 105(a) and 366 (I) Approving

Debtors' Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for

Resolving Objections by Utility Companies and (III) Prohibiting Utility Companies From

Altering, Refusing Or Discontinuing Service [Docket No. 160]. Further, the Debtors are

authorized to close the segregated accounts receivable account that was authorized and

established pursuant to paragraph 18(e) the Final Cash Collateral Order. The proceeds of both

accounts shall be distributed by the Debtors to the Senior Secured Notes Trustee pursuant to

Article III.C.1 of the Plan as part of the Final Cash Sweep Proceeds. Upon receipt or as soon

thereafter as practicable, the Senior Secured Notes Trustee is authorized to distribute such

amounts to the Holders of Allowed Senior Secured Noteholder Claims pursuant to the terms of

the Plan and the Senior Secured Notes Indenture.

37.     Payment of Convertible Notes Trustee's Fees. On or as soon as

practicable after the Effective Date, Pachulski Stang Ziehl & Jones LLP shall transfer $100,000

from its client trust fund account that was paid to it pursuant to the terms of the Global

Settlement to the Convertible Notes Trustee, to which the Convertible Notes Trustee is entitled

pursuant to the terms of the Global Settlement.

38.     Release of the Buffer Amount. On the Effective Date, the Senior Secured

Notes Trustee shall be authorized to release the Buffer Amount (as defined in the Final Cash

Collateral Order) and on or as soon as practicable after the Effective Date, the Senior Secured

Notes Trustee is authorized to distribute the Cash comprising the Buffer Amount to the Holders

of Allowed Senior Secured Noteholder Claims pursuant to the terms of the Plan and the Senior

Secured Notes Indenture.

26

39.    <u>Implementation of Settlement with Tang Capital Partners, LP.</u>  The

Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Cole, Schotz, Meisel, Forman & Leonard,

P.A., and the Debtors' other professionals are authorized to take such steps and perform such

acts as may be necessary to implement the Order Pursuant to Section 105(a) of the Bankruptcy

Code and Bankruptcy Rule 9019 Approving Stipulation Resolving Claims and Causes of Action

Between the Debtors and Tang Capital Partners, LP, whether such actions are required to be

taken before or after the Effective Date.

40.    <u>Return of Excess Professional Retainers to Senior Secured Notes Trustee.</u>

Upon approval by the Court of each of the Debtors' Professionals' final fee applications, each

such Debtors' Professional shall promptly apply any retainer it holds as of such date against any

unpaid Allowed Professional Fee Claims, and thereafter shall return any excess retainer amounts

to the Senior Secured Notes Trustee so as to be received by the Senior Secured Notes Trustee no

later than ten (10) business days after entry of an order approving such final fee application.

Such payment shall be made using the wire information specified immediately below, or in the

manner otherwise specified in writing by the Senior Secured Notes Trustee.

> U.S. Bank National Association
> ABA# 091000022
> Credit A/C# 180121167365
> Ref: Savient Pharmaceuticals
> Attention: J. Murphy

Similarly, after the professionals of the Unofficial Committee of Senior Secured Noteholders

have been paid in full for all professional fees and expenses incurred through and including the

date that is ninety (90) days after the Effective Date, and such amounts have been deducted from

the retainer amounts being held by such professionals, such professionals shall return any excess

retainer amounts to the Senior Secured Notes Trustee as soon as practicable using the wire

27

information specified above.  Upon receipt or as soon thereafter as practicable, the Senior

Secured Notes Trustee is authorized to distribute such amounts to the Holders of Allowed Senior

Secured Noteholder Claims pursuant to the terms of the Plan and the Senior Secured Notes

Indenture.

      41.    Return of Excess Cash in the Professional Fee Reserve to the Senior

Secured Notes Trustee.  After all Professional Fee Claims are Allowed or Disallowed and the

Allowed amounts of such Claims are paid by the Liquidating Trust (after taking into account the

application of any retainers held by such Professionals), any remaining Cash in the Professional

Fee Reserve shall be promptly distributed by the Liquidating Trustee to the Senior Secured Notes

Trustee.  Upon receipt or as soon thereafter as practicable, the Senior Secured Notes Trustee is

authorized to distribute such amounts to the Holders of Allowed Senior Secured Noteholder

Claims pursuant to the terms of the Plan and the Senior Secured Notes Indenture.

      42.    Return of Excess Cash in the Administrative Claims Reserve to the Senior

Secured Notes Trustee.  After all Administrative Claims (except Professional Fee Claims),

Priority Tax Claims and Priority Non-Tax Claims are Allowed or Disallowed and the Allowed

amounts of such Claims are paid by the Liquidating Trust, any remaining Cash in the

Administrative Claims Reserve shall be promptly distributed by the Liquidating Trustee to the

Senior Secured Notes Trustee.  Upon receipt or as soon thereafter as practicable, the Senior

Secured Notes Trustee is authorized to distribute such amounts to the Holders of Allowed Senior

Secured Noteholder Claims pursuant to the terms of the Plan and the Senior Secured Notes

Indenture.

43.    Resolution of Plan Objections.

(i)    ACE American Insurance Company and Affiliates.

Notwithstanding any other term or provision in the Plan or this Order, except as

provided in this Paragraph, nothing in the Plan or this Order (i) will prejudice any

of the rights, claims or defenses of ACE American Insurance Company, Illinois

Union Insurance Company or their affiliated insurance companies (collectively,

the "Insurers") under any insurance policies or related agreements entered into by

the Insurers on the one hand, and the Debtors on the other hand (individually or

collectively, the "Insurance Agreements"); (ii) will modify any of the terms,

conditions, limitations and/or exclusions contained in the Insurance Agreements,

which terms, conditions, limitations and exclusions shall remain in full force and

effect; (iii) shall be deemed to create any insurance coverage that does not

otherwise exist, if at all, under the terms of the Insurance Agreements, or create

any right of action against the Insurers that does not otherwise exist under

applicable non-bankruptcy law; (iv) shall be deemed to prejudice any of the

Insurers' rights and/or defenses in any pending or subsequent litigation in which

the Insurers or the Debtors, the Estates, the Liquidating Trust, and/or the

Liquidating Trustee may seek any declaration regarding the nature and/or extent

of any insurance coverage under the Insurance Agreements; or (v) shall be

construed as an acknowledgement that the Insurance Agreements cover or

otherwise apply to any claims or that any claims are eligible for payment under

any of the Insurance Agreements; provided, however, that to the extent that the

Debtors seek to assume any of the Insurance Agreements pursuant to the Plan and

29

Paragraph 20 of this Order, such assumption shall be effective notwithstanding anything in this Paragraph.

(ii)    Internal Revenue Service.  Notwithstanding any provision to the contrary in the Plan, this Order confirming the Plan, and any implementing Plan documents, nothing shall: (1) affect the ability of the Internal Revenue Service ("IRS") to pursue any non-debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any federal tax liabilities owed by the Debtors or the Debtors' Estates; or (2) affect the rights of the IRS to assert setoff and recoupment and such rights are expressly preserved.  Allowed Priority Tax Claims of the IRS shall be paid in full in accordance with the Plan and to the extent the IRS Priority Tax Claims (including any penalties, interest or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, the IRS Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate and method set forth in 26 U.S.C. Sections 6621 and 6622.  Administrative expense claims of the IRS allowed pursuant to section 503 of the Bankruptcy Code shall be paid in full in accordance with the Plan and shall accrue interest and penalties as provided by non-bankruptcy law until paid in full.  The Bankruptcy Court may retain jurisdiction, but not exclusive jurisdiction, over IRS claims and issues arising therefrom to the extent allowed by non-bankruptcy law.

(iii)    Secretary of Health and Human Services and the Centers for Medicare and Medicaid Services.  Notwithstanding any provision to the contrary in the Plan, this Order confirming the Plan, and any implementing Plan

documents, nothing shall affect the rights of the Centers for Medicare and Medicaid Services ("CMS") to assert setoff and recoupment and such rights are expressly preserved. Administrative expense claims of CMS allowed pursuant to section 503 of the Bankruptcy Code shall be paid in full in accordance with the Plan and shall accrue interest and penalties as provided by non-bankruptcy law until paid in full, and the rejection pursuant to section 365 of the Bankruptcy Code of the Medicare Coverage Gap Discount Program Agreement, by and between the Secretary of Health and Human Services and Savient, shall not render an otherwise valid administrative expense claim asserted by CMS a general unsecured claim. The Bankruptcy Court may retain jurisdiction, but not exclusive jurisdiction, over CMS claims and issues arising therefrom to the extent allowed by non-bankruptcy law.

44.    Authorization to Consummate. The Debtors are authorized to consummate the Plan at any time after the entry of the Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article VIII.B of the Plan.

45.    Incorporation. The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by its reference.

46.    Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date. The Debtors and/or their authorized agent shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "Notice of Effective Date"),

31

substantially in the form attached hereto as Exhibit B, which form is hereby approved, on all creditors and parties in interest in the Chapter 11 Cases, except Holders of Equity Interests, within five (5) business days after the occurrence of the Effective Date. Notwithstanding the foregoing, no service of the Notice of Effective Date shall be required to be made upon any person to whom the Debtors mailed a (a) notice of the meeting of creditors under section 341 of the Bankruptcy Code, (b) notice of the bar date for filing proofs of claim, or (c) a Solicitation Package or other solicitation-related notice and received any such notice or materials returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address. Service of the Notice of Effective Date described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

47.    Modification of Plan. After the Confirmation Date and prior to substantial consummation of the Plan as defined in section 1101(2) of the Bankruptcy Code, the Debtors may, under section 1127(b) of the Bankruptcy Code, with the prior written consent of (i) counsel to the Unofficial Committee of Senior Secured Noteholders and (ii) the Committee or the Liquidating Trustee, as applicable, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Court. A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified or

32

clarified, if the proposed alteration, amendment, modification or clarification does not materially and adversely change the treatment of the Claim of such Holder.

48.    Retention of Jurisdiction.  Notwithstanding the occurrence of the Effective Date, the Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in Article XI of the Plan, which provisions are incorporated herein by reference.

49.    Confirmation Order Controls.  To the extent that the terms of this Confirmation Order are inconsistent with the terms set forth in the Plan or any of the exhibits thereto, then the terms of this Confirmation Order shall govern and control.

50.    Final Order.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 6006(d) and 7062, or any other applicable Bankruptcy Rule, the Court finds that there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated: Wilmington, Delaware
       May 19, 2014

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge

33