IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
                                      :   Chapter 11
In re:                                :
                                      :   Case No. 13-12680 (MFW)
SAVIENT PHARMACEUTICALS, INC.,        :
et al.,                               :   Jointly Administered
                                      :
         Debtors.[1]                  :   **Related to Docket No. 689**
------------------------------------- x

NOTICE OF (A) ENTRY OF ORDER CONFIRMING THE FIRST AMENDED
PLAN OF LIQUIDATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY
CODE PROPOSED BY THE DEBTORS; (B) EFFECTIVE DATE OF THE PLAN;
(C) SUBSTANTIAL CONSUMMATION OF THE PLAN; AND (D) BAR DATES FOR
CERTAIN ADMINISTRATIVE, PROFESSIONAL AND REJECTION CLAIMS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

        **1.**      **Confirmation of the Plan.** The debtors and debtors-in-possession in the above-captioned cases (together, the "Debtors") hereby give notice that, on May 19, 2014, the Honorable Mary F. Walrath, United States Bankruptcy Judge for the District of Delaware, entered an order [Docket No. 689] (the "Confirmation Order") confirming the First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors (the "Plan").[2] The Plan is attached as Exhibit A to the Confirmation Order.

        **2.**      **Effective Date.** Pursuant to the Confirmation Order, the Debtors hereby certify and give notice that the Plan became effective in accordance with its terms, as set forth in Article VIII of the Plan, on May 30, 2014 (the "Effective Date").

        **3.**      **Substantial Consummation.** The Debtors hereby give notice that, pursuant to section 1101(2) of the Bankruptcy Code, the Plan has been substantially consummated.

        **4.**      **Releases, Exculpation and Injunctions.** The Plan provides for releases, exculpation and injunctions of certain conduct. The injunctions in the Plan include a permanent injunction of the commencement or prosecution by any entity, whether directly, derivatively or otherwise, of any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities released or exculpated pursuant to the Plan.

        **5.**      **Bar Date for Professional Fee Claims.** All final requests for payment of Professional Fee Claims (the "Final Fee Applications") must be filed no later than July 14, 2014 (*i.e.*, forty-five (45) days after the Effective Date). The procedures for processing Final Fee Applications are set forth in the Plan. If a Professional or other Entity does not timely submit a Final Fee Application,

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Savient Pharmaceuticals, Inc. (3811); and Savient Pharma Holdings, Inc. (0701).

[2] Unless otherwise defined in this Notice, capitalized terms used herein have the meanings set forth in the Plan.

such Entity shall be forever barred from seeking payment of such Professional Fee Claim from the Debtors, their Estates or the Liquidating Trust.

6. **Bar Date for Administrative Claims.** The bar date for Administrative Claims arising on or before February 28, 2014 has expired. Requests for payment of Administrative Claims arising after February 28, 2014 through the Effective Date, other than Professional Fee Claims, must be filed with the United States Bankruptcy Court for the District of Delaware (the "Court") and served on counsel for the Liquidating Trust (Bradford J. Sandler, Esq. and Shirley S. Cho, Esq., Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801) no later than the Administrative Claims Bar Date, June 30, 2014 (*i.e.*, the thirtieth (30th) day following the Effective Date). Unless such an Administrative Claim is timely filed by the Administrative Claims Bar Date, the holder of such Administrative Claim shall be forever barred from seeking payment of such Administrative Claim from the Debtors, their Estates or the Liquidating Trust

7. **Bar Date for Rejection Damages Claims.** Except as set forth in Article VII of the Plan, all executory contracts and unexpired leases of the Debtors that were not previously rejected have been rejected as of the Effective Date. If the rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or its Estate, the Liquidating Trust or their respective successors or properties unless a Proof of Claim is filed with the Court and served on counsel for the Liquidating Trust (at the address set forth in the prior paragraph) no later than July 7, 2014 (*i.e.*, within thirty (30) days after service of notice of entry of the Confirmation Order).

8. **Renewed Request for Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002.** After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all creditors and other parties in interest must file a renewed notice of appearance with the Court requesting receipt of documents pursuant to Bankruptcy Rule 2002.

9. **Copies of Plan and Confirmation Order.** Any party in interest who wishes to obtain a copy of the Plan, any exhibits to the Plan or the Confirmation Order may view and download such documents at the Court's website (http://www.deb.uscourts.gov) (PACER Account required).

Dated: May 30, 2014

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
David R. Hurst
J. Kate Stickles
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801

*Counsel for Debtors and Debtors-in-Possession*