**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SAVIENT PHARMACEUTICALS, INC., *et al.*,[1] | : | Case No. 13-12680 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: August 28, 2014 at 10:30 a.m.** (prevailing Eastern Time) |
| | x | **Objections Due: July 21, 2014 (prevailing Eastern Time)** |

---

**SUMMARY OF FIFTH MONTHLY AND FINAL FEE APPLICATION OF KRAMER
LEVIN NAFTALIS & FRANKEL LLP FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
SPECIAL INTELLECTUAL PROPERTY COUNSEL TO THE DEBTORS FOR
THE PERIOD FROM OCTOBER 14, 2013 THROUGH MAY 30, 2014**

| | |
|---|---|
| Name of applicant: | Kramer Levin Naftalis & Frankel, LLP |
| Authorized to provide professional services to: | Special Intellectual Property Counsel for the Debtors and Debtors-in-Possession |
| Date of retention: | October 14, 2013, *nunc pro tunc* |
| Monthly period for which compensation and reimbursement is sought: | March 1, 2014 through May 30, 2014 |
| Monthly amount of compensation sought as actual, reasonable and necessary: | $13,563.07 (80% of $16,953.84)[2] |
| Monthly amount of expense reimbursement sought as actual, reasonable and necessary: | $0.00 |
| Final period for which compensation and reimbursement is sought: | October 14, 2013 through May 30, 2014 |
| Final amount of compensation sought as actual, reasonable and necessary: | $193,869.00[3] |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Savient Pharmaceuticals, Inc. (3811) and Savient Pharma Holdings, Inc. (0701). The address of the Debtors' corporate headquarters is 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807.

[2] This number reflects write-offs, discounts, and a disbursement credit during the Monthly Compensation Period.

[3] This number reflects write-offs and discounts, but not a disbursement credit during the Monthly Compensation Period.

Final amount of expense reimbursement
sought as actual, reasonable and necessary:          $45,178.04[4]

Final amount of holdback fees sought for
Final Compensation Period:                           $38,236.25

   This is a: Monthly __X__ Interim _____ Final ___X___ Fee Application.

   The compensation sought in the Monthly Compensation Period in connection with preparing retention and fee applications is $10,350.00.[5]

   The compensation sought in the Final Compensation Period in connection with preparing retention and fee applications is $51,161.85.[6]

If this is not the first application filed, disclose the following for each prior application:

| Date Filed | Period Covered | Requested | | Approved | | |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees (80%) | Expenses (100%) | Fee Holdback[7] |
| January 2, 2014 | October 14, 2013 to November 30, 2013 | $82,093.05 | $42,878.23 | $65,674.44 | $42,878.23 | $0.00 |
| January 21, 2014 | December 1, 2013 to December 31, 2013 | $55,738.80 | $3,753.72 | $44,591.04 | $3,753.72 | $0.00 |
| March 7, 2014 | January 1, 2014 to January 31, 2014 | $18,881.55 | $1,098.64 | $15,105.24 | $1,098.64 | $3,776.31 |
| April 4, 2014 | February 1, 2014 to February 28, 2014 | $17,514.00 | $135.21 | $14,011.20 | $135.21 | $3,502.80 |

---

[4] This number reflects write-offs, discounts, and a disbursement credit during the Monthly Compensation Period.

[5] This number reflects write-offs and discounts but does not reflect a disbursement credit in the Monthly Compensation Period.

[6] This number reflects write-offs and discounts but does not reflect a disbursement credit in the Monthly Compensation Period.

[7] Although the Debtors were authorized by the Court to pay Kramer Levin a total holdback amount of $27,566.37 for the October 14 through December 31, 2014 interim fee period, they have not yet done so.

## SUMMARY OF PROFESSIONALS FOR MONTHLY COMPENSATION PERIOD[8]

| Name | Department/ Year Admitted | Hourly Rate | Hours | Total Compensation |
|---|---|---|---|---|
| Jonathan S. Caplan | Intellectual Property Partner 1994 | $860.00 | 2.50 | $2,150.00 |
| Geoffrey G. Hu | Intellectual Property Associate 2007 | $750.00 | 6.80 | $5,100.00 |
| Benjamin C. Wolf | Bankruptcy Associate 2011 | $630.00 | 13.30 | $8,379.00 |
| Diane M. Torniali | Intellectual Property Paralegal N/A | $310.00 | 17.40 | $5,394.00 |
| Bryon Becker | Bankruptcy Paralegal N/A | $310.00 | 3.60 | $1,116.00 |
| **Sub-Total** | - | - | **43.60** | **$22,139.00** |
| **Total Write-offs and Discounts** | - | - | - | (2,497.40) |
| **Disbursement Credit** | - | - | - | (2,687.76) |
| **Total/Average Hourly Rate** | - | **$572.00** | - | **$16,953.84** |

## SUMMARY OF PROFESSIONALS FOR FINAL COMPENSATION PERIOD[9]

| Name | Department/ Year Admitted | Hourly Rate | Hours | Total Compensation |
|---|---|---|---|---|
| Robert T. Schmidt | Bankruptcy Partner 1990 | $895.00 | 8.30 | $7,428.50 |

---

[8] The hours worked and total compensation for each professional represents their worked hours before applying write-offs, discounts, and a disbursement credit (explained below).

[9] The hours worked and total compensation for each professional represents their worked hours before applying write-offs, discounts, and a disbursement credit (explained below).

| <u>Name</u> | <u>Department/ Year Admitted</u> | <u>Hourly Rate</u> | <u>Hours</u> | <u>Total Compensation</u> |
|---|---|---|---|---|
| Jonathan S. Caplan | Intellectual Property Partner 1994 | $825.00 | 35.30 | $29,122.50 |
| | | $860.00 | 5.40 | $4,644.00 |
| Erica Klein | Intellectual Property Partner 1999 | $795.00 | 19.40 | $15,423.00 |
| | | $830.00 | 5.70 | $4,731.00 |
| Charles Achkar | Intellectual Property Special Counsel 2000 | $785.00 | 26.30 | $20,645.50 |
| Geoffrey G. Hu | Intellectual Property Associate 2007 | $725.00 | 47.70 | $34,582.50 |
| | | $750.00 | 14.50 | $10,875.00 |
| Benjamin C. Wolf | Bankruptcy Associate 2011 | $610.00 | 38.40 | $23,424.00 |
| | | $630.00 | 24.10 | $15,183.00 |
| Elizabeth M. Wieckowski | Intellectual Property Associate 1996 | $450.00 | 11.90 | $5,355.00 |
| David Mayo | Bankruptcy Associate Admission Pending | $425.00 | 6.30 | $2,677.50 |
| Jane Gross | Intellectual Property Associate Admission Pending | $420.00 | 2.40 | $1,008.00 |
| Andrea Chouprouta | Bankruptcy Paralegal N/A | $320.00 | 2.30 | $736.00 |
| | | $335.00 | 0.90 | $301.50 |
| Diane M. Torniali | Intellectual Property Paralegal N/A | $295.00 | 33.60 | $9,912.00 |
| | | $310.00 | 58.40 | $18,104.00 |
| Tania C. Ramos | Intellectual Property Paralegal N/A | $295.00 | 0.60 | $177.00 |
| | | $310.00 | 21.40 | $6,634.00 |
| Bryon Becker | Bankruptcy Paralegal N/A | $295.00 | 9.40 | $2,773.00 |
| | | $310.00 | 7.20 | $2,232.00 |

| Name | Department/ Year Admitted | Hourly Rate | Hours | Total Compensation |
|---|---|---|---|---|
| Deborah Bessner | Bankruptcy Paralegal N/A | $295.00 | 0.20 | $59.00 |
| **Sub-Total** | - | - | **379.70** | **$216,028.00** |
| **Total Write-offs and Discounts** | - | - | - | (22,159.00) |
| **Total/Average Hourly Rate** | - | **$535.00** | - | **$193,869.00** |

## SUMMARY OF PROFESSIONALS BY CATEGORY
## FOR MONTHLY COMPENSATION PERIOD[10]

| Professionals | Total Hours Billed | Total Compensation |
|---|---|---|
| Partners and Counsel | 2.50 | $2,150.00 |
| Associates | 20.10 | $13,479.00 |
| Paraprofessionals | 21.00 | $6,510.00 |
| Blended Rate | - | **$508.00** |
| Total Write-offs and Discount | - | (2,497.40) |
| Disbursement Credit | - | (2,687.76) |
| **Total Fees** | **38.79** | **$16,953.84** |
| **Less 20% Holdback** | - | **($3,390.77)** |
| **Total Adjusted Fees Requested** | **38.79** | **$13,563.07** |

---

[10] The hours worked and total compensation for each professional represents their worked hours before applying write-offs, discounts, and a disbursement credit (explained below).

## SUMMARY OF PROFESSIONALS BY CATEGORY
## FOR FINAL COMPENSATION PERIOD[11]

| Professionals | Total Hours Billed | Total Compensation |
|---|---|---|
| Partners and Counsel | 100.40 | $81,994.50 |
| Associates | 145.30 | $93,105.00 |
| Paraprofessionals | 134.00 | $40,928.50 |
| Blended Rate | | **$569** |
| Total Write-offs and Discount | | **($22,159.00)** |
| **Total Allowance of Fees** | | **$193,869.00** |

## SCHEDULE OF COMPENSATION BY PROJECT CATEGORY FOR MONTHLY FEE PERIOD[12]

| Project Code | Project Name | Hours | Fees |
|---|---|---|---|
| 059799-00001 | GENERAL | 23.70 | $10,174.00 |
| 059799-00016 | BANKRUPTCY PROCEEDINGS | 19.70 | $11,815.00 |
| 059799-05859 | US - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 0.20 | $150.00 |
| **Sub-Total** | | **43.60** | **$22,139.00** |
| **Total Write-offs and Discounts** | | - | **($2,497.40)** |
| **Disbursement Credit** | | | **($2,687.76)** |
| **TOTAL** | | **38.79** | **$16,953.84** |

---

[11] The hours worked and total compensation for each professional represents their worked hours before applying write-offs, discounts, and a disbursement credit (explained below).

[12] The hours worked and total compensation for each professional represents their worked hours before applying write-offs, discounts, and a disbursement credit (explained below).

## SCHEDULE OF COMPENSATION BY PROJECT CATEGORY
## FOR FINAL COMPENSATION PERIOD[13]

| Project Code | Project Name | Hours | Fees |
|---|---|---|---|
| 059799-00001 | GENERAL | 151.50 | 93,434.00 |
| 059799-00004 | PROJECT MAGELLAN | 0.60 | 177.00 |
| 059799-00007 | TRADEMARKS - GENERAL | 23.80 | 7,642.00 |
| 059799-00016 | BANKRUPTCY PROCEEDINGS | 99.10 | 57,287.50[14] |
| 059799-01501 | US-URATE OXIDASE | 0.40 | 118.00 |
| 059799-01502 | US-URATE OXIDASE | 0.40 | 330.00 |
| 059799-01507 | CZ-URATE OXIDASE | 0.90 | 480.00 |
| 059799-01509 | HK-URATE OXIDASE | 0.40 | 118.00 |
| 059799-01515 | MX-URATE OXIDASE | 0.60 | 177.00 |
| 059799-01516 | NZ-URATE OXIDASE | 0.60 | 177.00 |
| 059799-01524 | CN-URATE OXIDASE | 0.10 | 45.00 |
| 059799-01525 | HK-URATE OXIDASE | 0.20 | 165.00 |
| 059799-01526 | URATE OXIDASE - IL FILE | 0.30 | 135.00 |
| 059799-01603 | US-PEG-URATE OXIDASE CONJUGATES AND USE THEREOF | 0.80 | 236.00 |
| 059799-01617 | PT-PEG-URATE OXIDASE CONJUGATES AND USE THEREOF | 0.20 | 165.00 |
| 059799-01631 | IL-PEG-URATE OXIDASE CONJUGATES AND USE THEREOF | 0.90 | 265.50 |
| 059799-01632 | IN-PEG-URATE OXIDASE CONJUGATES AND USE THEREOF | 1.10 | 330.50 |
| 059799-01633 | JP-PEG-URATE OXIDASE CONJUGATES AND USE THEREOF | 0.40 | 118.00 |
| 059799-01642 | TW-PEG-URATE OXIDASE CONJUGATES AND USE THEREOF | 0.30 | 88.50 |
| 059799-01647 | HUNGARIAN UTILITY -NSPCT (114194) PEGURATE OXIDASE CONJUGATE | 0.30 | 88.50 |
| 059799-01671 | PEG-URATE OXIDASE CONJUGATES AND USE THEREOF - | 0.20 | 59.00 |
| 059799-01679 | PEG-URATE OXIDASE CONJUGATES - US - CONTINUATION | 2.20 | 1,285.00 |
| 059799-01680 | PEG-URATE OXIDASE CONJUGATES - US - DIVISIONAL | 0.30 | 247.50 |
| 059799-01681 | PEG-URATE OXIDASE CONJUGATES - AND USE THEREOF - HK | 0.20 | 59.00 |
| 059799-01683 | CN DIVISIONAL PEG-URATE OXIDASE CONJUGATES - AND USE THEREOF | 2.00 | 1,229.00 |
| 059799-01684 | US PEG-URATE OXIDASE CONJUGATES - AND USE THEREOF | 1.60 | 1,028.00 |

---

[13] The hours worked and total compensation represents worked hours before applying write-offs, discounts, and a disbursement credit (explained below).

[14] As noted above, this number is before applying write-offs and discounts.

| Project Code | Project Name | Hours | Fees |
|---|---|---|---|
| 059799-01685 | CA DIV. - PEG-URATE OXIDASE CONJUGATES - AND USE THEREOF | 0.40 | 227.00 |
| 059799-01703 | BR-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 147.50 |
| 059799-01704 | CA-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 147.50 |
| 059799-01705 | CN-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 147.50 |
| 059799-01706 | CZ-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.20 | 165.00 |
| 059799-01708 | HK-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 147.50 |
| 059799-01709 | HU-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.30 | 88.50 |
| 059799-01711 | IN-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 147.50 |
| 059799-01713 | KR-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 155.00 |
| 059799-01716 | NZ-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.30 | 88.50 |
| 059799-01717 | PL-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.30 | 88.50 |
| 059799-01718 | RU-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.30 | 88.50 |
| 059799-01719 | SG-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.30 | 88.50 |
| 059799-01720 | TW-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 155.00 |
| 059799-01721 | ZA-AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 150.50 |
| 059799-01722 | AU UTILITY-DIV AGGREGATE-FREE URATE OXIDASE FOR | 0.50 | 150.50 |
| 059799-01724 | AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 209.50 |
| 059799-01730 | RU - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF NON- | 0.20 | 59.00 |
| 059799-01732 | AU - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF NON- | 0.50 | 150.50 |
| 059799-01733 | EP - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF NON- | 0.50 | 155.00 |
| 059799-01734 | AT - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 209.50 |
| 059799-01735 | BE - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 206.50 |
| 059799-01736 | CH - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 147.50 |
| 059799-01737 | CY - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 155.00 |
| 059799-01738 | DE - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 206.50 |
| 059799-01739 | DK - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 147.50 |
| 059799-01740 | ES - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 206.50 |

| **Project Code** | **Project Name** | **Hours** | **Fees** |
|---|---|---|---|
| 059799-01741 | FI - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 147.50 |
| 059799-01742 | FR - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 1.20 | 513.00 |
| 059799-01743 | GB - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 206.50 |
| 059799-01744 | GR - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 147.50 |
| 059799-01745 | IE - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 206.50 |
| 059799-01746 | IT - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 1.30 | 489.50 |
| 059799-01748 | LU - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.90 | 265.50 |
| 059799-01749 | MC - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 147.50 |
| 059799-01750 | NL - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 1.00 | 302.50 |
| 059799-01751 | PT - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.70 | 214.00 |
| 059799-01752 | SE- AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 155.00 |
| 059799-01753 | TR - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION | 0.50 | 155.00 |
| 059799-01755 | EP DIV - CONJUGATES PREPARED WITH AGGREGATE-FREE PROTEINS | 0.90 | 273.00 |
| 059799-01759 | BR - AGGREGATE-FREE URATE OXIDASE FOR PREPARATION OF | 0.50 | 155.00 |
| 059799-01901 | TW-VARIANT FORMS OF URATE OXIDASE AND USE THEREOF | 2.10 | 945.00 |
| 059799-01905 | CA-VARIANT FORMS OF URATE OXIDASE AND USE THEREOF | 2.60 | 1,713.00 |
| 059799-01908 | EP-VARIANT FORMS OF URATE OXIDASE AND USE THEREOF | 0.80 | 552.50 |
| 059799-01911 | IL-VARIANT FORMS OF URATE OXIDASE | 0.50 | 163.00 |
| 059799-01913 | KR-VARIANT FORMS OF URATE OXIDASE | 3.70 | 2,837.50 |
| 059799-01922 | VARIANT FORMS OF URATE OXIDASE AND USE THEREOF - | 0.40 | 204.00 |
| 059799-01928 | US DIV - VARIANT FORMS OF URATE OXIDASE AND USE THEREOF | 0.30 | 88.50 |
| 059799-04902 | TAIWANSES UTILITY-ORG (SERIAL NO. N/A ) VARIANT | 3.90 | 2,961.00 |
| 059799-04905 | CA-VARIANT FORM OF URATE OXIDASE | 7.50 | 5,656.00 |
| 059799-04908 | EP-VARIANT FORM OF URATE OXIDASE | 0.10 | 45.00 |
| 059799-04909 | HU-VARIANT FORM OF URATE OXIDASE | 1.00 | 298.00 |
| 059799-04913 | KR-VARIANT FORM OF URATE OXIDASE | 1.80 | 763.50 |
| 059799-04916 | PL-VARIANT FORM OF URATE OXIDASE | 0.20 | 59.00 |
| 059799-04922 | A VARIANT FORM OF URATE OXIDASE AND USE THEREOF - | 0.20 | 62.00 |
| 059799-04931 | CN DIV - A VARIANT FORM OF URATE OXIDASE AND USE THEREOF | 0.90 | 374.00 |
| 059799-04933 | IL DIV - VARIANT FORM OF URATE OXIDASE AND USE THEREOF | 2.50 | 1,895.50 |

| Project Code | Project Name | Hours | Fees |
|---|---|---|---|
| 059799-04934 | IL - VARIANT FORM OF URATE OXIDASE | 3.10 | 2,153.50 |
| 059799-05002 | TAIWANSES UTILITY-ORG(SERIAL NO. N/A) PURIFICANADIANTION | 1.60 | 549.50 |
| 059799-05005 | CA-PURIFICATION OF PROTEINS WITH CATIONIC SURFACTANT | 6.20 | 3,831.00 |
| 059799-05006 | CN-PURIFICATION OF PROTEINS WITH CATIONIC SURFACTANT | 0.90 | 382.50 |
| 059799-05008 | EP-PURIFICATION OF PROTEINS WITH CATIONIC SURFACTANT | 0.10 | 45.00 |
| 059799-05011 | IL-PURIFICATION OF PROTEINS WITH CATIONIC SURFACTANT | 0.30 | 88.50 |
| 059799-05016 | PL-PURIFICATION OF PROTEINS WITH CATIONIC SURFACTANT | 2.70 | 1,904.00 |
| 059799-05022 | PURIFICATION OF PROTEINS WITH CATIONIC SURFACTANT - | 9.20 | 6,584.00 |
| 059799-05804 | CN - METHODS FOR ASSESSING TOPHUS RESPONSE DURING URATE | 0.10 | 45.00 |
| 059799-05846 | CN - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 1.90 | 1,205.50 |
| 059799-05849 | IL - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 1.00 | 298.00 |
| 059799-05851 | JP - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 0.20 | 62.00 |
| 059799-05854 | NZ - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 2.80 | 2,064.00 |
| 059799-05857 | SG - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 0.50 | 163.00 |
| 059799-05858 | EP - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 0.90 | 456.50 |
| 059799-05859 | US - METHODS AND KITS FOR PREDICTING INFUSION REACTION RISK | 6.50 | 4,502.50 |
| 059799-10351 | SAVIENT-AU-5 | 0.60 | 177.00 |
| **Sub-Total** | | **379.70** | **$216,028.00** |
| **Total Write-offs and Discounts** | | **-** | **($22,159.00)** |
| **TOTAL** | | | **$193,869.00** |

## SUMMARY OF EXPENSES FOR MONTHLY COMPENSATION PERIOD[15]

| Category of Expenses | Amount |
|---|---|
| Postage | 7.76 |
| Messenger/Courier Fed Ex | 1,866.70 |
| Document Retrieval Fees | (846.04) |

---

[15] The expenses listed are after accounting for write-offs.

| | |
|---|---|
| Storage/Retrieval Fees | 39.22 |
| PACER Retrieval Fees | 19.60 |
| Court Call | 30.00 |
| CPI - Annuity/Settlement Fees | (3,805.00) |
| **Total** | **(2,687.76)**[16] |

## SUMMARY OF EXPENSES FOR FINAL COMPENSATION PERIOD[17]

| **Category of Expenses** | **Amount** |
|---|---|
| FOREIGN AGENT TRADEMARK CHARGES | 718.64 |
| FOREIGN AGENT PATENT CHARGES | 45,287.27 |
| PHOTOCOPYING | 2.07 |
| COLOR COPIES | 8.00 |
| POSTAGE | 8.24 |
| WESTLAW ON-LINE RESEARCH | 141.88 |
| MESSENGER/COURIER FED EX | 1,982.56 |
| CAB FARES | 83.00 |
| IN-HOUSE/MEALS | 25.00 |
| PTO FEES | 300.00 |
| DOCUMENT RETRIEVAL FEES | (846.04) |
| STORAGE/RETRIEVAL | 39.22 |
| PACER RETRIEVAL FEES | 40.20 |
| OTHER FEES | 30.00 |
| CPI - ANNUITY/SETTLEMENT FEES | (3,345.00) |
| CPI - ANNUITY/MAINTENANCE FEES | 703.00 |
| **Total** | **$45,178.04** |

---

[16] This $2,687.76 disbursement credit is reflected in the requested fees for the Monthly Compensation Period.

[17] The expenses listed are after accounting for write-offs and reflect disbursement credits.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ──────────────────────── x | | |
| In re: | : | Chapter 11 |
| | : | |
| SAVIENT PHARMACEUTICALS, INC., *et al.*,[1] | : | Case No. 13-12680 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| | : | |
| Debtors. | : | **Hearing Date: August 28, 2014 at 10:30 a.m. (prevailing Eastern Time)** |
| ──────────────────────── x | | **Objections Due: July 21, 2014 (prevailing Eastern Time)** |

### FIFTH MONTHLY AND FINAL FEE APPLICATION
### OF KRAMER LEVIN NAFTALIS & FRANKEL LLP
### FOR ALLOWANCE OF COMPENSATION FOR SERVICES
### RENDERED AND REIMBURSEMENT OF EXPENSES AS
### SPECIAL INTELLECTUAL PROPERTY COUNSEL TO THE DEBTORS
### FOR THE PERIOD FROM OCTOBER 14, 2013 THROUGH MAY 30, 2014

By this fifth monthly and final fee application (the "Application") pursuant to

sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and

Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Kramer

Levin Naftalis & Frankel LLP ("Kramer Levin") hereby seeks the allowance of reasonable

compensation in the above-captioned cases for professional legal services rendered as special

intellectual property counsel to the debtors and debtors-in-possession (the "Debtors") in the

amount of (i) $16,953.84 (reflecting total fees after voluntary write-offs and discounts totaling

$2,497.40 and a disbursement credit of $2,687.76) for the period commencing March 1, 2014,

through and including May 30, 2014 (the "Monthly Compensation Period") and (ii) final

allowance of $193,869.00 (reflecting total fees after voluntary write-offs and discounts totaling

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Savient Pharmaceuticals, Inc. (3811) and Savient Pharma Holdings, Inc. (0701). The address of the Debtors' corporate headquarters is 400 Crossing Boulevard, 3rd Floor, Bridgewater, New Jersey 08807.

$22,159.00),[2] together with allowance for actual and necessary expenses incurred in the amount of $45,178.04 (reflecting total expenses after voluntary write-offs of $492.93 and a disbursement credit of $2,687.76), for the period commencing on October 14, 2013, through and including May 30, 2014 (the "Final Compensation Period"). Pursuant to the Order of this Court dated November 19, 2013 [D.I. 159] approving procedures for interim compensation and reimbursement of professionals (the "Compensation Order"), Kramer Levin previously filed four monthly applications during the Final Compensation Period [Docket Nos. 298, 344, 463 and 548] (together, the "Monthly Applications"). Now, pursuant to the Compensation Order and the Plan (defined below), Kramer Levin makes this Application for the Monthly Compensation Period and the Final Compensation Period for final allowance of compensation for professional services and for reimbursement of expenses necessarily incurred by Kramer Levin in serving as special intellectual property counsel to the Debtors. In support of this Application, Kramer Levin represents as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

---

[2] This number does not include the disbursement credit of $2,687.76.

**Background**

3.    On October 14, 2013 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4.    Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors operated their businesses and properties as debtors-in-possession.  No trustee or examiner has been appointed in these cases.

5.    Kramer Levin first began representing the Debtors in connection with their intellectual property matters in November 2005 pursuant to an engagement letter dated as of November 28, 2005.

6.    On November 13, 2013, the Debtors submitted an application for an order, pursuant to section 327(e) of the Bankruptcy Code, authorizing the employment and retention of Kramer Levin Naftalis & Frankel LLP, as special intellectual property counsel *nunc pro tunc* to October 14, 2013 (the "Retention Application") [D.I. 128].

7.    By order of this Court dated December 2, 2013 (the "Retention Order") [D.I. 196], Kramer Levin's Retention Application was approved *nunc pro tunc* to October 14, 2013.  The Retention Order authorized Kramer Levin to be compensated in accordance with the applicable provisions of the Bankruptcy Code (including §§ 328, 330 and 331), the Federal Rules of Bankruptcy Procedure, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996, and the local rules and orders of this Court.

8.    On December 13, 2013, the Court approved the sale of substantially all of the Debtors' assets, including their intellectual property assets, to Crealta Pharmaceuticals LLC

("Crealta") pursuant to an asset purchase agreement (the "APA") with Crealta. The sale was then consummated on January 9, 2014. For more information on this sale, see Disclosure Statement with respect to Plan of Liquidation pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors, ¶ III.D.3 [Dkt. No. 384]. Accordingly, by this Application, Kramer Levin only seeks compensation in connection with intellectual property related work performed on behalf of the Debtors, and not to Crealta.

9.      The First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors (the "Plan") was confirmed by this Court on May 19, 2014 [Dkt. No. 689]. The Plan's effective date occurred on May 30, 2014 [Dkt. No. 731].

### Relief Requested

10.      Kramer Levin submits this Application in accordance with the Compensation Order and the Plan. All services for which Kramer Levin requests compensation were performed for, or on behalf of, the Debtors.

11.      By this Application, Kramer Levin seeks allowance for reasonable compensation for professional legal services rendered as special intellectual property counsel to the Debtors in the amount of (i) $16,953.84 (reflecting total fees after voluntary write-offs and discounts totaling $2,497.40 and a disbursement credit of $2,687.76) for the Monthly Compensation Period and (ii) final allowance of $193,869.00 (reflecting total fees after voluntary write-offs and discounts totaling $22,159.00), together with allowance for actual and necessary expenses incurred in the amount of $45,178.04 (reflecting total expenses after voluntary write-offs of $492.93 and a disbursement credit of $2,687.76), for the Final Compensation Period, and the final release of the $38,236.25 held back in Kramer Levin's the Monthly Applications (including the monthly fee request in this Application). In support of Kramer Levin's request for compensation of fees incurred during the Monthly and Final Compensation Period, attached to

4

the cover page of this Application is a summary of (i) the prior Monthly Applications; (ii) the time spent by Kramer Levin's professionals rendering legal services to the Debtors during both the Monthly and Final Compensation Periods, organized by timekeeper and by category respectively; and (iii) the expenses incurred by Kramer Levin on behalf of the Debtors during both the Monthly and Final Compensation Periods.

12.    Given the nature and value of the services that Kramer Levin provided to the Debtors as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

13.    Kramer Levin has received no payment and no promises for payment from any source for services rendered in connection with this case other than those in accordance with the Code and Bankruptcy Rules.  There is no agreement or understanding between Kramer Levin and any other person (other than Kramer Levin personnel) for the sharing of compensation to be received for the services rendered in this case.

14.    This Application includes a narrative discussion of Kramer Levin's services to the Debtors during the Monthly Compensation Period.  The details of Kramer Levin's time and expenses during prior Monthly Compensation Periods were submitted with the prior Monthly Applications.  The details of Kramer Levin's time and expenses during the Monthly Compensation Period are annexed hereto, as explained below.

15.    Kramer Levin reserves the right to request, by sending invoices to the post-effective date Liquidating Trust (as defined in the Plan), reimbursement for any additional fees and/or expenses incurred after the effective date in connection with the preparation or prosecution of this Application.

**Description of Services Rendered**

16.     During the course of these chapter 11 cases, Kramer Levin filed Monthly

Applications.   Rather than restate what is already contained in the four prior Monthly

Applications granted by this Court, they are incorporated herein by reference and Kramer Levin

relies upon them in support of its request for final allowance of fees and expenses for the Final

Compensation Period.   Accordingly, the following summary describes services performed by

Kramer Levin professionals during the Monthly Compensation Period.

17.     Attorneys and paralegals of Kramer Levin have expended a total of 43.60

hours[3] in connection with these chapter 11 cases during the Monthly Compensation Period.

18.     Kramer Levin has rendered professional and paraprofessional services to

the Debtors as requested and as necessary and appropriate in furtherance of the interests of the

Debtors during the Monthly Compensation Period.   The variety and complexity of the

intellectual property issues in these chapter 11 cases in furtherance of the Debtors' needs have

required significant expertise by Kramer Levin personnel.

19.     The legal services rendered by Kramer Levin during the Monthly

Compensation Period are summarized below.   The following summary is not a detailed

description of all of the work performed, as the day-to-day services and the time expended in

performing such services are fully set forth in Exhibit A.   Rather, the following summary

highlights certain areas in which services were rendered to the Debtors, and identifies some of

the issues to which Kramer Levin directed its attention during the Monthly Compensation

Period:

---

[3] Before applying write-offs and discounts.

6

20.     During the Compensation Period, pursuant to section 1.4(i) of the APA, Kramer Levin advised the Debtors with respect to certain Excluded Liabilities (as such term is defined in the APA) in connection with their intellectual property holdings, including "all costs, fees and expenses incurred by the [the Debtors] in connection with . . . the negotiation, execution and consummation of the transactions contemplated by [the APA]."   In addition, Kramer Levin professionals also represented the Debtors with respect to maters pertaining to Kramer Levin's retention as the Debtors' special intellectual property counsel.

21.     At and prior to the commencement of the chapter 11 cases, Kramer Levin used matter number categories to which its professionals assigned the time they billed, all of which are related to the tasks performed by Kramer Levin on behalf of the Debtors.   Kramer Levin's  professionals kept a contemporaneous record of the time spent rendering such services and separated tasks in billing increments of one-tenth of an hour.  All of the services performed by Kramer Levin have been legal in nature and necessary and appropriate properly administer the Debtors' intellectual property assets.

22.     The fees and disbursements during the Monthly Compensation Period sought through this Application reflect total discounts write-offs of $2,497.40 and are offset by a disbursement credit of $2,687.76.  In the event that any objections to this Application are filed, Kramer Levin reserves the right to seek payment for all or any part of the client accommodation.

**Summary of Disbursements**

23.     In the course of its representation of the Debtors during the Monthly Compensation Period, Kramer Levin incurred out-of-pocket expenses in connection with the services it rendered on the Debtors' behalf.  An itemized list of expenses incurred by Kramer Levin for the Monthly Compensation Period is attached hereto as Exhibit B.  Kramer Levin

submits that all such disbursements were necessarily incurred and reasonable in amount. Furthermore, Kramer Levin has reviewed the disbursements to ensure they comply with Del. Bankr. L.R. 2016-2.    Kramer Levin reserves the right to request reimbursement of any additional expenses incurred during the Final Compensation Period from the Liquidating Trustee, as such invoices for such expenses may not have been received and as certain expenses may not have been captured in Kramer Levin's billing system as of the date hereof.

        24.    Please note that Kramer Levin received certain refunds for expenses it had incurred on behalf of the Debtors, and for which it had paid, during prior Monthly Compensation Periods.  The disbursement credit of $2,687.76 reflected in the expense detail attached as <u>Exhibit</u> <u>B</u> passes on the benefit of those refunds to the Debtors.  Accordingly, this disbursement credit offsets the total amount of fees Kramer Levin seeks for the Monthly Compensation Period.

        25.    Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, Kramer Levin represents as follows with regard to its charges for actual and necessary costs and expenses during the Monthly Compensation Period:

(a)    Copy, scanning, and printing charges are $.10 per page for black and white, $1.00 page for color copies, which charge is reasonable and customary in the legal industry representing costs of copy materials, outside service costs, acquisition, maintenance, storage and operation of copy machines, printers and copy center, together with a margin for recovery of lost expenditures.

(b)    Incoming facsimiles are not billed.

(c)    Out-going facsimiles are billed at the rate of $1.00 per page.  The cost represents operator time, maintaining several dedicated facsimile telephone lines, supplies and equipment, and includes a margin for recovery of lost expenditures.  Toll telephone charges are not billed.

### Allowance of Compensation

26.    Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the ... professional person .... " 11 U.S.C. § 330.  In order to evaluate a request for allowance of fees by a professional person, a court must determine whether the services rendered were actual and necessary and the fees requested are reasonable.  Kramer Levin respectfully submits that its request for a final award of compensation for the Final Compensation Period satisfies this standard.

### Certification and Notice

27.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of this case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

28.    The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application complies therewith and a copy of this Application has been sent to the notice parties set forth in the Compensation Order and Plan.

WHEREFORE, Kramer Levin prays that the Court (i) approve the sum of $16,953.84,[4] the total compensation for professional services rendered by Kramer Levin for the Monthly Compensation Period, 80% of which ($13,563.07) is to be paid upon the filing of a certificate of no objection and (ii) enter an order approving, on an final basis, total compensation for professional services rendered by Kramer Levin during the Final Compensation Period of $193,869.00 and reimbursement of actual and necessary costs and expenses incurred by Kramer

---

[4] This number reflects the disbursement credit of $2,687.76 for the Monthly Compensation Period.

Levin in these cases during the Final Compensation Period of $45,178.04,[5] including the release of $38,236.25 held back by the Debtors during the Final Compensation Period and (iii) directing the Debtors to pay such amounts.

Dated: June 30, 2014                          Respectfully submitted,
   Wilmington, DE

           KRAMER LEVIN NAFTALIS & FRANKEL LLP

           /s/ Jonathan S. Caplan
           Jonathan S. Caplan
           Robert T. Schmidt
           Benjamin C. Wolf
           1177 Avenue of the Americas
           New York, New York 10036
           Telephone:  (212) 715-9100
           Facsimile:   (212) 715-8000

           *Special Intellectual Property Counsel to the Debtors and Debtors in Possession*

---

[5] This number reflects the disbursement credit of $2,687.76.